UNITED STATES DISTRICT COURT
Southern District of Illinois

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>    **Plaintiff**<br>v.<br><br>**MINGQING XIAO,**<br>    **Defendant** | CASE NO: 21-CR-40039-SMY |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the Court or the U.S. Probation/Pretrial Services Office or Supervising Officer in writing before making any change of residence or telephone number.

(4) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

(5) The defendant must sign an Appearance Bond, if ordered.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

☐ (6) The defendant is placed in the custody of:

Person or organization _____

Address (*only if above is an organization*) _____

City and State _____  Tel. No._____

who agrees (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____   _Click or tap to enter a date._____
*Custodian*                                                                  *Date*

☒ (7) The defendant must:

☒ (a) report to and be supervised by U.S. Probation/Pretrial Services Office as directed

☐ (b) maintain or actively seek employment

☐ (c) continue or start an educational program as directed

☒ (d) surrender any passport to the U.S. Probation/Pretrial Services Office

☒ (e) refrain from obtaining a passport or other international travel document

☒ (f) Travel is restricted to the state of Illinois and ED/MO for attorney appointments. All requests for travel will require prior approval from the Court.

☐ (g) reside with Click or tap here to enter text. at the following address Click or tap here to enter text.

☒ (h) avoid all contact, directly or indirectly, with any person who is or may be a victim, witness, or defendant in the investigation or prosecution, including: Click or tap here to enter text.

☐ (i) participate in available mental health, psychological, and/or psychiatric evaluation and/or treatment as deemed necessary. You must pay all or part of the cost of the program based on your ability to pay as determined by the Court and/or U.S. Probation and Pretrial Services Office.

☐ (j) reside in a residential reentry center (halfway house) as directed by the U.S. Probation/Pretrial Services Office and comply with the rules of that facility. You must pay all or part of the cost of the program based on your ability to pay as determined by the Court and/or U.S. Probation and Pretrial Services Office.

☒ (k) refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapons

☐ (l) refrain from any use of alcohol

☐ (m) submit to a remote alcohol testing system and comply with all program requirements as approved by the U.S. Probation/Pretrial Services Office. The defendant shall pay for all or part of the costs associated with this system as directed by the Court and/or the U.S. Probation/Pretrial Services Office.

☐ (n) refrain from any use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner

☐ (o) not be present in any location where any illegal substance is being manufactured, used, or sold

☐ (p) submit to testing for a prohibited substance if required by the U.S. Probation/Pretrial Services Office. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening

☐ (q) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed necessary. You must pay all or part of the cost of the program based on your ability to pay as determined by the Court and/or U.S. Probation and Pretrial Services Office.

☐ (r) participate in <u>one</u> of the following location restriction programs and comply with its requirements as directed.

> ☐ **Curfew.** You are restricted to your residence every day from 6:00 p.m. to 6:00 a.m. or as directed by the supervising officer.
>
> ☐ **Home Detention.** You are restricted to your residence, at all times, except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the supervising officer.
>
> ☐ **Home Incarceration.** You are restricted to 24-hour-a-day lockdown at your residence, except for medical necessities and court appearances or other activities specifically approved by the court.
>
> ☐ **Stand Alone Monitoring.** You have no residential curfew restrictions; however, must comply with the location or travel restriction as imposed by the court. Note: this component should be used in conjunction with GPS technology.
>
> submit to the following location monitoring technology and comply with its requirements as directed.
>
> ☐ Location monitoring technology as directed by the U.S. Probation/Pretrial Services Office
>
> ☐ Radio Frequency (RF)
>
> ☐ Global Position System (GPS)
>
> You must pay all or part of the cost of location monitoring based on your ability to pay as determined by the U.S. Probation/Pretrial Services Office.

☒ (s) report as soon as possible to the U.S. Probation/Pretrial Services Office every contact with law enforcement personnel, including arrest, questioning, or traffic stops

☒ (t) not incur new credit charges or open additional lines of credit while on release in this case without the approval of the U.S. Probation/Pretrial Services Office

☐ (u) not associate with children who appear to be under the age of 18 nor frequent, volunteer, or work at places where children congregate (e.g. playgrounds, parks, malls, daycare centers, or schools) unless approved by U.S. Probation/Pretrial Services Office. The defendant shall have no contact with victims.

☐ (v) The defendant shall cooperate with the U.S. Probation/Pretrial Services Office Computer and Internet Monitoring Program. Cooperation shall include, but is not limited to, identifying computer systems, internet capable devices, networks (routers/modems), and/or similar electronic devices (external hard drives, flash drives, etc.) to which the defendant has access. All devices are subject to random inspection/search, configuration, and the installation of monitoring software and/or hardware. The defendant's financial obligation shall never exceed the total cost of services rendered. The defendant shall pay all or a portion of the costs of participation in the Computer and Internet Monitoring Program based on the defendant's ability to pay.

The defendant shall inform all parties who access approved computer(s) or similar electronic device(s) that the device(s) is subject to search and monitoring. The defendant may be limited to possessing only one personal computer and/or internet capable device to facilitate the ability to effectively monitor internet-related activities. The defendant shall report any and all electronic communication service accounts utilized for user communications, dissemination, and/or storage of digital media files (i.e., audio, video, images, documents, device backups) to the U.S.

       Probation/Pretrial Services Office. This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. The defendant shall provide each account identifier and password, and shall report the creation of new accounts. Changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account shall be reported within five days of such action. The defendant shall permit the U.S. Probation/Pretrial Services Office to access and search any account(s).

☒ (w) As directed by the U.S. Probation/Pretrial Services Office, the defendant shall notify third parties of potential risks due to the defendant's criminal record or personal history or characteristics and shall permit the U.S. Probation/Pretrial Services Office to make such notification and to confirm the defendant's compliance with such notification requirement.

### Advice of Penalties and Sanctions

Violations of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, and a prosecution for contempt as provided in 18 U.S.C. § 401 which could result in a possible term of imprisonment and/or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years in jail and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years in prison and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years in jail and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

X _[signature]_
Signature of Defendant

X _Makanda, IL 62958_
City and State

### Directions to United States Marshal

☒ The defendant is ORDERED released after processing.

☐ The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: 5/13/21

_[signature]_
REONA J. DALY
UNITED STATES MAGISTRATE JUDGE