IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-cr-40039-SMY |
| | ) | |
| MINGQING XIAO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GOVERNING DISCOVERY

Upon consideration of the "United States Motion for Order Governing Discovery," the

Court finds as follows:

1.      The discovery materials to be provided by the United States to the defense are

voluminous.

2.      The discovery materials contain a substantial amount of Personal Identifying

Information ("PII"). Much of this PII belongs to the Defendant.

3.      Because of the volume of the discovery materials to be produced, it is not

practicable for the United States to redact all PII before disclosing these materials to the defense.

Such a process would be very time consuming, thus delaying production of discovery materials to

the defense, and potentially delaying the trial.

4.      In addition, the United States wishes to provide disclosure of "Jencks" material to

the defense prior to the deadline established by 18 U.S.C. § 3500.

5.      The United States also wishes to disclose to defense counsel, as early Jencks

materials, the affidavits submitted to this Court in support of the search warrant and seizure warrant

applications in the following matters: 20-MJ-7215-MAB; 20-MJ-8193-GCS; and 20-MJ-8194-

GCS, which are currently under seal.

**It is therefore ORDERED:**

1.      Pursuant to 5 U.S.C. § 552a(b)(11), the United States is permitted to disclose discovery materials to defense counsel that contain Personal Identifying Information ("PII").

2.      Pursuant to Fed. R. Crim. P. 16(d)(1), the Court places the following restrictions on the use and dissemination of discovery materials. Defense counsel may use discovery the United States obtained from the Defendant free from any limitation. For discovery the United States obtained from sources other than the Defendant, Defense counsel may provide copies of discovery materials to the Defendant and to anyone retained by the defense team for purposes of the preparation of the defense for the pending criminal charges. Defense counsel may also show such discovery to potential third-party witnesses for purposes of investigation and trial witness preparation but may not provide any such individual with copies thereof. In all cases, any person receiving discovery materials in accordance with this order shall not make any further disclosure.

3.      The Orders previously entered by this Court sealing the applications and supporting affidavits in the following search and seizure warrant matters are partially unsealed, for the limited purpose of permitting the United States to disclose these materials to defense counsel: 20-MJ- 7215-MAB; 20-MJ-8193-GCS; and 20-MJ-8194-GCS. With this limited exception, the Orders sealing those matters shall remain in effect and while defense counsel may review these materials with their client and members of the defense team, they may not provide copies of these materials to their client, or make any further disclosure of these materials.

**IT IS SO ORDERED.**

**DATED:  May 27, 2021**

**STACI M. YANDLE**
**United States District Judge**