IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-cr-40039-SMY |
| | ) | |
| MINGQING XIAO, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' CONSOLIDATED MOTIONS IN LIMINE

This is a case about grant fraud. The National Science Foundation (NSF) sets the rules for those who want to receive its grants, including the disclosure requirements for applicants. Here, Defendant Xiao flouted those rules in order to obtain a grant. NSF specifically asked him "if you have any position outside of the US or any source of funding from any non-US funding source," including other "pending proposals." In response, Mr. Xiao did not disclose a current grant with the Natural Science Foundation of Guangdong Province, a pending proposal with the National Science Foundation of China, and his contractual affiliation with Shenzhen University and his time commitments there. Mr. Xiao's fraudulent nondisclosures gave him a competitive advantage over other grant applicants and robbed NSF of the information it needed to make a fair and informed grant award. In its pretrial motions, the defense tries to shift the spotlight elsewhere, suggesting the prosecution had improper motives and should be judged by its purported failure to charge traditional national-security offenses. Doc. 42. As argued below, the Court should restrict such arguments to their rightful place—motions before the judge—and preclude the Defendant from similar arguments or questioning before the jury.

# ARGUMENT

**1.    Motion in limine 1: government motivation for investigating or prosecuting.**

The government moves in limine for an order precluding the defense from arguing to the jury or presenting any evidence, on either direct or cross-examination, "about the motivation for investigating or prosecuting this case." *United States v. Shalash*, No. 11-CR-0627, 2013 WL 4820927, at *5 (N.D. Ill. Sept. 10, 2013). The defense has made such arguments in their pretrial motions, and that is the proper place for them. Allegations of selective prosecution or governmental misconduct[1] are "for the trial court, not the jury, to decide." *See United States v. Bontkowski*, 865 F.2d 129, 131 (7th Cir. 1989); *see also United States v. Rainone*, 32 F.3d 1203, 1208 (7th Cir. 1994) ("A defendant is not entitled to have the jury consider a defense for which there is no probative evidence."). Because it is an issue for the Court, not the jury, any such evidence is not probative of defendant's guilt or innocence under FRE 401. *See United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006) (upholding grant of a motion *in limine* "because the defense of selective prosecution is a matter that is independent of a defendant's guilt or innocence") (citing *United States v. Berrigan*, 482 F.2d 171, 175 (3d Cir. 1973)); *United States v. O'Brien*, 974 F.2d 1346 (table), *4 (10th Cir. 1992) (same); *see also United States v. Tran*, 433 F. App'x 227, 234 (5th Cir. 2011) (explaining that FRE 401 precluded evidence or argument of "a race-based motive for the investigation").

Not only is the issue not probative of guilt or innocence, but any possible probative value is substantially outweighed by unfair prejudice, confusion of the issues, and misleading the jury

---

[1] *United States v. White*, 519 F.3d 342, 346 (7th Cir. 2008) ("[T]his circuit clearly and consistently has refused to recognize any defense based on ... [allegations of] outrageous government conduct") (internal quotation marks omitted).

under FRE 403. *See Tran*, 433 F. App'x at 234 (agreeing that any possible relevance was "substantially outweighed by the danger of unfair prejudice and the danger of misleading the jury" under FRE403). The only possible basis for such argument or evidence would be to inflame the jury into considering something *other* than whether the evidence proved the elements of the charged offenses, or to cause jury confusion about the issues properly before it. *Id*.

For these reasons, courts in this circuit routinely grant motions in limine on these grounds and the Seventh Circuit has affirmed the practice. *See United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (affirming grant of motion in limine to bar arguments or evidence by the defense counsel regarding alleged government misconduct); *see also United States v. Turner*, No. 13-CR-572-2, 2014 WL 4699708, at *1 (N.D. Ill. Sept. 22, 2014) (granting motion to bar selective prosecution arguments during trial); *Shalash*, 2013 WL 4820927, at *5 (granting motion to exclude argument or evidence regarding alleged outrageous government conduct); *United States v. Tepoel*, 07-CR-66, 2008 WL 3851956, at *1 (W.D. Wisc. Mar. 21, 2008) (granting motion to preclude defendant from arguing or presenting evidence of selective prosecution or government misconduct); *United States v. Infelise*, No. 90-CR-87, 1991 WL 251654, at *1 (N.D. Ill. Nov. 14, 1991) (granting motion in limine regarding claims of selective prosecution or outrageous government conduct).

Nor should the Court "allow defendants to circumvent the aforementioned limitations on when and before whom claims of selective prosecution or government misconduct may be brought by asking questions which they label as cross examination to show bias." *Infelise*, 1991 WL 251654, at *1; *see also Tran*, 433 F. App'x at 234 ("[Defendant] argues that he was targeted for prosecution because of his race. This is an allegation of selective prosecution, not of witness bias" and thus falls outside FRE 401 and FRE 403). There is a clear dividing line between questions

3

about the bias of an individual witness, which is relevant, and broader allegations about the motivation for the investigation or the prosecution itself, which is not relevant. For this reason, the motion in limine should also bar argument or evidence referring to the so-called "China Initiative" and the kind of allegations of racially charged decision-making advanced by Defendant's motion to dismiss. Those allegations are baseless, and certainly are not for the jury.

**2.     Motion in limine 2: offenses not charged.**

The government also moves in limine for an order to preclude the defense from arguing to the jury or presenting any evidence, on either direct or cross-examination, that the jury "could draw an inference from the fact that" defendant "was not charged with" other offenses. *See United States v. Stewart*, 433 F.3d 273, 308 (2d Cir. 2006) (affirming the grant of a similar motion in limine). Defendant has argued that the *Court* should draw inferences from the fact that the government has not charged him with other crimes. Doc. 42. Specifically, the defense is alleging that the United States wanted to charge Defendant with espionage, could not find evidence to support espionage, and then selectively charged him with grant-fraud offenses. *See id.* at 2-4, 16-19 (mentioning "espionage," "spying," and the "theft of trade secrets"). Not only is this factually inaccurate, as the government's response explains, but such an argument would be designed to inflame the passions of the jury and cause it to decide the case on factors other than relevant evidence and whether the elements of the crimes have been established. Such arguments and evidence should be excluded under FRE 401 and FRE 403. "[G]overnment prosecutors . . . have wide discretion over whether, how, and when to bring a case." *United States v. Ribota*, 792 F.3d 837, 840 (7th Cir. 2015). "The decision whether to prosecute involves consideration of myriad factors such as the enforcement priorities of the office, the determination as to the strength of the case, the prosecutorial resources available, and the prosecution's general deterrence values, and

4

those factors are ill-suited to judicial review." *Id*. "'[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, *and what charge to file or bring before a grand jury*, generally rests entirely in his [or her] discretion.'" *Id*. (citation omitted; emphasis added); *see also United States v. Moore*, 543 F.3d 891, 900 (7th Cir. 2008) ("'The judiciary has no authority to second-guess the government's choice of which crimes to charge unless the choice is based on an invidious ground'") (citation omitted). "The government retains broad discretion in determining whom to prosecute and what charges to file." *United States v. Palumbo Bros.*, 145 F.3d 850, 866 (7th Cir. 1998). The only exceptions to that discretion are matters of law that belong with the Court, not the jury. Certainly, evidence that tends to establish or negate the elements of the charged offenses is relevant and probative. But whether the government could or could not have charged or proved additional offenses is not relevant or probative to the offenses actually charged in the indictment. *See* FRE 401. And any possible probative value is substantially outweighed by the potential for jury confusion arising from such arguments or questions. *See* FRE 403.

## CONCLUSION

For the foregoing reasons, the government respectfully asks that the Court grant the foregoing motions in limine.

Respectfully submitted,
STEVEN D. WEINHOEFT
United States Attorney

s/ *Peter T. Reed*

PETER T. REED
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL  62208
Peter.Reed@usdoj.gov
(618) 628-3700

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-cr-40039-SMY |
| | ) | |
| MINGQING XIAO, | ) | |
| | ) | |
| Defendant. | ) | |

**Certificate of Service**

I hereby certify that on September 23, 2021, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

s/ *Peter T. Reed*

PETER T. REED
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL 62208
Peter.Reed@usdoj.gov
(618) 628-3700
Fax: (618) 628-3720