# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 21-CR-40039-SMY |
| ) | |
| MINGQING XIAO ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT MINGQING XIAO'S MOTION IN LIMINE TO PRECLUDE CERTAIN EVIDENCE AND ARGUMENT

Now comes, defendant Mingqing Xiao, by and through his attorneys, Ryan P. Poscablo and Patrick F. Linehan, who provide this Court with this *motion in limine* to preclude the government from presenting certain evidence and making specific arguments as detailed below. The following evidence and arguments are not relevant. Fed. R. Evid. 401. Further, pursuant to Rule 403, even if they had some semblance of relevance, they should still be excluded, as their "probative value is substantially outweighed by a danger of…unfair prejudice" and of confusing or misleading the jury, among other harms. Fed. R. Evid. 401. In support of this motion, Mr. Xiao provides the following:

1.  Dr. Mingqing Xiao is a tenured theoretical mathematics professor at Southern Illinois University ("SIU") at Carbondale (together, "SIUC"). The government charged Dr. Xiao with two counts of substantive wire fraud under 18 U.S.C. § 1343 and one count of making a false statement under 18 U.S.C. § 1001(a)(1). The counts are based on the government's claims that Dr. Xiao "failed to disclose to [the National Science Foundation]: (1) his contractual relationship as a visiting professor and researcher with Shenzhen University and his two-month-a-year annual commitment to Shenzhen University; (2) an ongoing grant proposal with the Natural Science

1

Foundation of Guangdong Province; and (3) a pending grant proposal with the National Science Foundation of China."[1]

2.  In its response to Dr. Xiao's motion to dismiss the Indictment, the government concedes that this investigation resulted in no evidence of "economic espionage," "spying," or "theft of trade secrets" and that no such charges were filed. *See* ECF No. 47 at p.3. Indeed, the government proffered that "this investigation was about grant fraud from the start."

3.  Based on the government's representations, therefore, Dr. Xiao respectfully requests that the government be precluded from telling the jury that Dr. Xiao's prosecution is a part of the U.S. Department of Justice's China Initiative, or a part of any investigation into Chinese Thousand Talents programs. Further, Dr. Xiao respectfully requests that the government be precluded from making any argument that the case involved any espionage or spy craft or any theft of trade secrets. This includes, but is not limited to, any identification by any federal agent that they are a part of any counterintelligence unit or that Dr. Xiao's arrest "disrupted" China's attempts to infiltrate the United States academic community. *See, e.g., Jackson v. Allen,* No. 1:09-CV-117, 2011 WL 1565859, at *4 (N.D. Ind. Apr. 25, 2011) (granting defendant's motion to preclude use of term "code of silence" as unduly prejudicial). Similarly, here, any reference, evidence or testimony concerning any claims of "economic espionage," "spying," or "theft of trade secrets" on behalf of China should precluded as they have no relevance to the charges of wire fraud and false statement charged, and would only serve to inflame the jury and create undue prejudice toward Dr. Xiao.

4.  Further, Dr. Xiao seeks to preclude any testimony by Special Agent Stephen M. Dalechek concerning any training he received in conducting "National Security Investigations,"

---

[1] *See* Government's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Indictment, at pg. 2.

as well as any specialized training and experience he has concerning Chinese talent programs. Special Agent Dalechek's background in these areas is not relevant to the facts or charges at issues in this action, as Dr. Xiao is not alleged to be a threat to national security and the grant at issue is not a part of any Chinese talent program. The mere mention of these terms is incendiary and has the potential to create undue prejudice toward Dr. Xiao.

5. Additionally, Dr. Xiao anticipates presenting testimonial evidence from Dr. Shuting Cai, a professor at Guangdong University of Technology, Dr. Jianliang Tang, a professor at Shenzhen University, and Dr. Xuesong Chen, a professor at Guangdong University of Technology, to dispute the government's allegations that Dr. Xiao: (1) had a two-month a year annual commitment to Shenzhen University; (2) that he had an ongoing grant proposal with the Natural Science Foundation of Guangdong Province, or (3) that he had a pending grant proposal application with the National Science Foundation of China. Accordingly, Dr. Xiao respectfully requests that the government be precluded from questioning these professors on cross-examination about any unsupported or unfounded claims that they are serving as spies or agents of the Chinese government or are participating or recruiting for a Chinese talents program. The government should also be precluded from asking any questions that present unfounded assertions that these professors were working towards stealing trade secrets or conducting economic espionage on behalf of the Chinese government. The government has provided no such evidence in their discovery, made no such allegations in their filings, and any claims made during trial would only be for the purpose of inflaming the jury, causing substantial prejudice to Dr. Xiao, a China-born but United States-naturalized citizen. *See Jackson*, 2011 WL 1565859, at *4 (N.D. Ind. Apr. 25, 2011). "Evidence is unduly prejudicial if it creates a genuine risk that the emotions of the jury will be excited to irrational behavior, and the risk is disproportionate to the probative value of the

offered evidence." *United States v. Loughry,* 660 F.3d 965, 971 (7th Cir.2011) (holding that the government should have been precluded from the introduction of extremely sexually explicit photographs and videos to the jury, as they were not related to the defendant's charges and were minimally probative and were likely to create intense disgust and antagonism toward the defendant).

6. Further, as the government has not identified any other domestic or foreign research grants, teaching opportunities or other educational or academic work, including lectures, seminars or written collaborations, as part of the crimes charged, Dr. Xiao respectfully requests that the government be precluded from offering any evidence of other grant applications, employment or teaching opportunities either domestically or abroad. Such evidence would be irrelevant under Rule 402, or at least so prejudicial as to substantially outweigh any relevance such evidence may have under Rule 403.

7. In 2018, Dr. Xiao's mother, Wei Zhu Li, passed away. Upon her death, Dr. Xiao received an inheritance which was placed in a bank account at The Industrial and Commercial Bank of China ("ICBC"), a Chinese bank located in mainland China. Given that this bank account has no relevance to the crimes charged, Dr. Xiao respectfully requests that this Court preclude the government from introducing any evidence related to this Chinese bank account. *Pucci v. Litwin*, No. 88 C 10923, 1993 WL 405448, at *1 (N.D. Ill. Oct. 4, 1993)(granting plaintiffs' motion in *in limine* to exclude evidence of their financial condition and tax returns where such evidence would be irrelevant and prejudicial.)

8. The government produced an FD-302 Report of an interview the FBI conducted of Todd Wakeland, currently the Director of Export Control at Southern Illinois University. Mr. Wakeland informed the FBI that he became the first Director of Export Control at SIU in March

of 2018 and that SIU approved its first Export Control Policy for SIU on August 15, 2018. In addition, Mr. Wakeland stated that the name Mingqing Xiao "did not ring a bell." The remainder of Mr. Wakeland's interview with the FBI provided information that was irrelevant to the charges against Dr. Xiao. For these reasons, Dr. Xiao respectfully submits that, to the extent the government intends to call Mr. Wakeland to testify about topics he discussed with the FBI during his interview with them, such testimony should be precluded as irrelevant and prejudicial to the defendant. *See* Fed. R. Evid. 402; 403.

9. Dr. Xiao also respectfully requests that the government be precluded from offering any evidence, documents or testimony concerning an investigation by the National Science Foundation ("NSF"), unrelated to the charges in this case, and a subsequent finding by SIUC, that Dr. Xiao violated the Southern Illinois University's Research Misconduct Policy for failing to appropriately cite a Wikipedia citation in an unrelated grant proposal submitted by SIUC to the NSF. SIUC disagreed with Dr. Xiao's position that Wikipedia was a multiple source reference that did not require citation, but found that there was no evidence of a pattern of misconduct and that the violation represented an isolated incident. This isolated incident of academic misconduct is unrelated to the charges at issue here and therefore irrelevant, has little probative value, and if presented to the jury, will cause substantial prejudice to Dr. Xiao.

10. As the Court is aware, Dr. Xiao has moved to suppress his recorded custodial interrogation with federal agents, as well as any evidence obtained from the fruit of the poisonous tree, including any evidence resulting from their collection of certain passwords related to certain bank accounts and cellphones. Relatedly, Dr. Xiao has moved to suppress any evidence obtained from the government's illegal search and seizure of Dr. Xiao's cellphones.

11. As of the date of this motion, the parties are still working collectively to resolve certain open discovery issues. In addition, the government has not disclosed any Rule 404(b) evidence, nor have they produced their witness or exhibit lists. Leave to supplement this motion after the identification of any 404(b) material is therefore respectfully requested.

WHEREFORE, Dr. Xiao respectfully requests that these motions *in limine* be granted as the above referenced evidence is irrelevant or immaterial and because their probative value is outweighed by the significant prejudicial effect they would incur.

Dated: September 23, 2021

Respectfully submitted,

*/s/ Ryan P. Poscablo*

Ryan P. Poscablo, *pro hac vice*
Steptoe & Johnson LLP
1114 Avenue of the Americas
New York, NY 10036
rposcablo@steptoe.com
212.506.3900

Patrick F. Linehan, *pro hac vice*
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
plinehan@steptoe.com
202.429.3000

*Attorneys for Defendant Mingqing Xiao*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2021 I electronically filed Defendant's Motion *in limine* with the Clerk of Court using the CM/ECF system which will send notification of such filing the following:

Peter T. Reed
Assistant U.S. Attorney
9 Executive Drive
Fairview Heights, Illinois 62208


/s/ Ryan P. Poscablo
Ryan P. Poscablo, *pro hac vice*
Steptoe & Johnson LLP
1114 Avenue of the Americas
New York, NY 10036
rposcablo@steptoe.com
212.506.3900

*Attorney for
Defendant Mingqing Xiao*