IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FILED**

**OCT 05 2021**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 21-40039-SMY |
| | ) | |
| MINGQING XIAO, | ) | 18 U.S.C. §§ 1001(a)(1), 1343 |
| | ) | 26 U.S.C. § 7206(1) |
| Defendant. | ) | 31 U.S.C. §§ 5313, 5322 |

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

### Count 1
### Wire Fraud – 18 U.S.C. § 1343

1. At times material to this Indictment:

    a. The National Science Foundation (NSF) was a federal agency and part of the executive branch of the United States government. The NSF awarded funding through competitive grants to American colleges and universities and other research institutions, including basic research and cutting edge "high risk, high pay off" ideas and projects.

    b. In order to receive NSF funding, an institution was required to submit a detailed application describing, among other things, the amount of funding requested, the names of the principal participants conducting the research, and how the funding would be used. During the application process, the principal investigator (PI) with the institution applying for the award was required to disclose to NSF all "organizational affiliations" and all "Current and Pending Support." NSF defined Current and Pending Support: "[a]ll current project support from whatever source (e.g., Federal, State, local or foreign government agencies, public or private foundations, industrial or other commercial organizations, or internal funds allocated

1

toward specific projects) must be listed. The proposed project and all other projects or activities requiring a portion of time of the PI and any other senior personnel must be included, even if they receive no salary support from the project(s)."

    c. Southern Illinois University – Carbondale ("SIUC") was a public research university located in Carbondale, Illinois.

    d. From in or about 2000 to the present, the defendant, MINGQING XIAO, was employed as a professor in the Department of Mathematics at SIUC. His research included partial differential equations, control theory, optimization theory, dynamical systems, and computational science. As an employee of SIUC, XIAO could apply for federal funds on behalf of SIUC.

**The scheme and artifice to defraud:**

  2. Beginning on or about August 1, 2018 and continuing to on or about July 16, 2019, in the Southern District of Illinois, and elsewhere, the defendant MINGQING XIAO knowingly and willfully devised and intended to devise a scheme to defraud NSF, and to obtain money and property from NSF, by means of materially false and fraudulent pretenses, representations, and promises.

  3. It was the object of the scheme to obtain money from NSF based, in part, on the materially false and fraudulent pretenses, representations, and promises provided to NSF.

  4. It was part of the scheme to defraud that, on or about September 13, 2018, XIAO submitted to SIUC a proposal for an NSF grant for $151,099. XIAO certified to SIUC that the proposal was "true, complete, and accurate."

  5. On or about September 17, 2018, XIAO caused that same grant proposal to be submitted by SIUC to NSF.

2

6. On a grant proposal to NSF, applicants must disclose all "Current and Pending Support" from whatever source. XIAO did not disclose to NSF a grant that XIAO had received in or around 2017 from the Natural Science Foundation of Guangdong Province of China for about 1,200,000 yuan (about $180,000) that ran from 2018-2022.

7. On a grant proposal to NSF, applicants must disclose all "Current and Pending Support" from whatever source and all "organizational affiliations." XIAO did not disclose on the grant proposal to NSF his ongoing contractual obligations to Shenzhen University, a public university located in Guangdong Province, China. On or about April 15, 2018, XIAO signed a contract with Shenzhen University running from 2018 to 2023, replacing an earlier contract. XIAO agreed to certain teaching and research obligations at Shenzhen University and agreed to apply for research grants with the Chinese government on behalf of Shenzhen University. In exchange, Shenzhen University agreed to pay XIAO a monthly salary. Shenzhen University deposited XIAO's monthly salary into an account at Ping An Bank.

8. On or about March 11, 2019, XIAO submitted to Shenzhen University an application for a grant with the Natural Science Foundation of China, requesting about 605,000 yuan (about $90,000) for research from 2020-2023.

9. On or about April 29, 2019, a representative of NSF contacted XIAO by email before awarding the grant, stating that NSF was contacting him "to make sure that the current and pending support statement includes worldwide sources. So, if you have any position outside of the US or any source of funding from any non-US funding source please include it in your updated current and pending support page. The award size depends on what other support and commitments of time you have, particularly other projects whose work overlaps this one."

10. On or about May 1, 2019, XIAO falsely stated in reply to NSF, "I don't have other grants or pending proposals but this one."

11. On or about July 16, 2019, NSF awarded a grant of $151,099 to SIUC with XIAO as the sole PI, based in part on the false statements and omissions made by XIAO.

12. On or about September 17, 2018, in the Southern District of Illinois and elsewhere, defendant,

**MINGQING XIAO,**

for the purpose of executing the scheme described above, caused signals to be transmitted by means of wire communication in interstate commerce, namely a file containing the grant proposal, which was sent from Carbondale, Illinois, via Fastlane on NSF.gov, to NSF servers located outside Illinois.

In violation of Title 18, United States Code, Section 1343.

## Count 2
### Wire Fraud – 18 U.S.C. § 1343

1. Paragraphs 1-11 of Count 1 are incorporated herein by reference.

2. On or about May 1, 2019, in the Southern District of Illinois and elsewhere, defendant,

**MINGQING XIAO,**

for the purpose of executing the scheme described above, caused signals to be transmitted by means of wire communication in interstate commerce, namely, an email sent by MINGQING XIAO from the Southern District of Illinois, to NSF servers located outside Illinois.

In violation of Title 18, United States Code, Section 1343.

## Count 3
### False Statement – 18 U.S.C. § 1001(a)(1)

On or about September 13, 2018, in the Southern District of Illinois, defendant,

**MINGQING XIAO,**

did willfully and knowingly falsify, conceal, and cover up by trick, scheme, and device a material

fact in a matter within the jurisdiction of the executive branch of the government of the United States, by falsely certifying to SIUC that the grant proposal to NSF was "true, complete, and accurate" when XIAO knew that it was not.

In violation of Title 18, United States Code, Section 1001(a)(1).

### Count 4

### False Statement On Tax Return– 26 U.S.C. § 7206(1)

On or about April 16, 2018, in the Southern District of Illinois and elsewhere, the defendant,

**MINGQING XIAO,**

did willfully make and subscribe a U.S. Individual Tax Return, for the tax year 2017, which was verified by a written declaration that it was made under the penalties of perjury, and which was filed with the Director, Internal Revenue Service, and which return the defendant did not believe to be true and correct as to every material matter, in that, in response to a question asking if he had a financial interest in or signature authority over a financial account located in a foreign country, XIAO answered "no," when in fact he had a financial interest in and signature authority over a financial account at Ping An Bank in the People's Republic of China.

All in violation of Title 26, United States Code, Section 7206(1).

### Count 5

### Fraud or False Statement On Tax Return– 26 U.S.C. § 7206(1)

On or about March 24, 2019, in the Southern District of Illinois and elsewhere, the defendant,

**MINGQING XIAO,**

did willfully make and subscribe a U.S. Individual Tax Return, for the tax year 2018, which was verified by a written declaration that it was made under the penalties of perjury, and which was

filed with the Director, Internal Revenue Service, and which return the defendant did not believe to be true and correct as to every material matter, in that, in response to a question asking if he had a financial interest in or signature authority over a financial account located in a foreign country, XIAO answered "no," when in fact he had a financial interest in and signature authority over a financial account at Ping An Bank in the People's Republic of China.

All in violation of Title 26, United States Code, Section 7206(1).

## Count 6

**Fraud or False Statement On Tax Return– 26 U.S.C. § 7206(1)**

On or about July 12, 2020, in the Southern District of Illinois and elsewhere, the defendant,

**MINGQING XIAO,**

did willfully make and subscribe a U.S. Individual Tax Return, for the tax year 2019, which was verified by a written declaration that it was made under the penalties of perjury, and which was filed with the Director, Internal Revenue Service, and which return the defendant did not believe to be true and correct as to every material matter, in that, in response to a question asking if he had a financial interest in or signature authority over a financial account located in a foreign country, XIAO answered "no," when in fact he had a financial interest in and signature authority over a financial account at Ping An Bank in the People's Republic of China.

All in violation of Title 26, United States Code, Section 7206(1).

## Count 7

**Failure to File Report of Foreign Bank Account – 31 U.S.C. §§ 5313, 5322**

On or about October 15, 2020, in the Southern District of Illinois and elsewhere, the defendant,

**MINGQING XIAO,**

did willfully fail to file with the U.S. Treasury's Financial Crimes Enforcement Network (FinCEN), FinCEN Form 114, Report of Foreign Bank and Financial Accounts ("FBAR"), disclosing that he had an interest in and signature authority over a financial account in a foreign country, namely, a bank account at Ping An Bank in the People's Republic of China, which had a value of more than $10,000 at some time during the calendar year 2019.

All in violation of Title 31, United States Code, Section 5314 & 5322(a), and Title 31, Code of Federal Regulations, Sections 1010.350, 1010.306(c)-(d), and 1010.840(b) (formerly Title 31 Code of Federal Regulations, Section 103.24, 103.27(c)-(d) and 103.59(b)).

A TRUE BILL.

PETER T. REED
Assistant United States Attorney

Digitally signed by STEVEN WEINHOEFT
Date: 2021.10.04 15:19:53 -05'00'

STEVEN D. WEINHOEFT
United States Attorney

Recommended Bond: $5,000 bond