IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 21-CR-40039-SMY |
| ) | |
| MINGQING XIAO ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT MINGQING XIAO'S RESPONSE TO UNITED STATES' CONSOLIDATED MOTION *IN LIMINE*

Now comes, defendant Mingqing Xiao, by and through his attorneys, Ryan P. Poscablo and Patrick F. Linehan, who provide this Court with this response to the government's motion *in limine* to preclude the defense from making specific arguments related to the government's motivation for prosecuting or investigating Mr. Xiao and the government's failure to charge Mr. Xiao with other, more significant, charges.

### ARGUMENT

**1. The Government's Motion In Limine No. 1 (Arguing Selective Prosecution To The Jury)**

The government moves *in limine* to preclude Dr. Xiao from arguing to the jury or presenting any evidence, on either direct or cross-examination, about the motivation for investigating or prosecuting this case. It states that Dr. Xiao has made such arguments in support of his motion to dismiss, and that such arguments are for the court to address, and not the jury.

First, to clarify, Dr. Xiao has not moved for dismissal on these grounds. Dr. Xiao's motion sought to bring to the Court's attention the potential racial and national origin bias arising out of the government's China Initiative and **the risk** of Dr. Xiao's being subject to selective prosecution

1

here to underscore the particular importance of the court's role in enforcing the fundamental ambiguity doctrine – a standard which, for the reasons set forth in Dr. Xiao's Motion, is met here - in these circumstances.[1] In any event, Dr. Xiao agrees to refrain from affirmatively raising the issue of selective prosecution before the jury.

However, Dr. Xiao opposes any restriction on his ability to cross-examine government witnesses and witnesses claiming harm – *e.g.*, FBI agents or NSF employees – on issues of bias. It is well-established that "[p]roof of bias or motive to lie is admissible impeachment evidence." *United States v. Salem*, 578 F.3d 682, 686 (7th Cir. 2009) (citations omitted); *see also United States v. Manske*, 186 F.3d 770, 777 (7th Cir. 1999) ("[Proof of bias] is the quintessentially appropriate topic for cross-examination."). Courts routinely permit cross-examination of a witnesses' bias. Indeed, some courts have permitted cross-examination regarding FBI agents' or accusers' (here, the NSF) racial or national origin bias for impeachment purposes. *See Chipman v. Mercer, 628 F.2d 528, 532* (9th Cir. 1980) ("Examination for bias and prejudice must be permitted if it is reasonable to assume that animosity to a group might prejudice the witness, either consciously or unconsciously, against a defendant who shares the characteristics of that class"); s*ee also United States v. Pemberton, 435 F. Supp.3d 250 (D. Me. 2020) (holding that assuming African-American defendant presented proper foundation, evidence of police officers' racial bias, presented through cross-examination, would likely be admissible).*

The cases upon which the government relies are inapposite. In *United States v. Tran*, 433 F. App'x 227, 234 (5th Cir. 2011), the court did not address the issue of the permissibility of impeaching a Government witness on the issue of racial bias, because the defendant "d[id] not allege that the court prevented him from impeaching any Government witness on the issue of bias."

---

[1] Dr. Xiao reserves the right to argue for dismissal or acquittal based on selective prosecution if sufficient evidence of selective prosecution comes to light in advance of or during trial.

*Tran*, 433 F. App'x at 234.  The government similarly misapplies *Infelise*, which held only that inquiries about whether government agents have targeted the defendants must be supported by a good faith basis and must not cross over the line into general allegations of selective prosecution. *United States v. Infelise*, No. 90 CR 87, 1991 WL 251654 (N.D. Ill. Nov. 14, 1991).  Dr. Xiao should be permitted to establish witnesses' potential biases in any respect on cross-examination, as long as there is a good faith basis to do so.

**2. The Government's Motion In Limine No. 2 (Evidence of Uncharged Offenses)**

The government also moves *in limine* to preclude Dr. Xiao from arguing to the jury or presenting any evidence, on either direct or cross-examination, that the jury "could draw an inference from the fact that" defendant "was not charged with" other offenses. The defense does not oppose this motion, subject to the government opening the door to the issue. *United States v. Touloumis*, 771 F.2d 235, 241 (7th Cir. 1985) ("This circuit has held on numerous occasions that when a party questions a witness on a subject, even though that subject may not be strictly relevant to the case, the party cannot complain on appeal if the opposing party subsequently introduces evidence on the same subject.").

**CONCLUSION**

WHEREFORE, Dr. Xiao respectfully requests that these motions *in limine* be granted in part and denied in part.

Dated: October 7, 2021

                                            Respectfully submitted,

                                            /s/ Ryan Poscablo
                                            Ryan P. Poscablo, *pro hac vice*
                                            Steptoe & Johnson LLP
                                            1114 Avenue of the Americas
                                            New York, NY 10036

rposcablo@steptoe.com
212.506.3900

Patrick F. Linehan, *pro hac vice*
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
plinehan@steptoe.com
202.429.3000


*Attorneys for Defendant Mingqing Xiao*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2021 I electronically filed Defendant's Motion *in limine* with the Clerk of Court using the CM/ECF system which will send notification of such filing the following:

                     Peter T. Reed
                   Assistant U.S. Attorney
                     9 Executive Drive
             Fairview Heights, Illinois 62208

                                                                  /s/ Ryan P. Poscablo
                                            Ryan P. Poscablo, *pro hac vice*
                                            Steptoe & Johnson LLP
                                            1114 Avenue of the Americas
                                            New York, NY 10036
                                            rposcablo@steptoe.com
                                            212.506.3900

                                            *Attorney for*
                                            *Defendant Mingqing Xiao*