**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 21-CR-40039-SMY |
| | ) | |
| MINGQING XIAO | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT MINGQING XIAO'S MOTION**
**TO COMPEL DISCOVERY OF ANY MATERIAL EVIDENCE  IN THE**
**POSSESSION, CUSTODY, OR CONTROL OF THE NATIONAL SECURITY DIVISION**

Throughout this case, the parties have repeatedly met and conferred and exchanged extensive written correspondence to address the government's compliance with its obligations under Federal Rule of Criminal Procedure 16 to produce any "papers, documents, data, photographs . . . [and] tangible objects" that are "within the government's possession, custody or control" and "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E).[1]

Despite these substantial efforts, the government has refused to state unequivocally that it has reviewed information and materials maintained by its National Security Division of the Department of Justice ("NSD") to determine if those files contain any material evidence that must be disclosed to Defendant Dr. Mingqing Xiao.  In particular, Dr. Xiao has requested any and all documentation relating to NSD's investigation of (1) himself, (2) Dr. Shuting Cai, or (3) Dr. Jianliang Tang, all of which would clearly be material to Dr. Xiao's defense.  For the

---

[1] To be sure, the government's discovery obligations extend beyond Rule 16, and include, among other things, the requirements set forth in *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

1

reasons set forth below, Dr. Xiao now respectfully requests that this Court issue an order requiring the government to review the files of the NSD (or to unequivocally certify that it has done so) and to produce any material documents to Dr. Xiao.

## **BACKGROUND**

From the outset, the government's own proclamations have made clear that NSD played a key role in investigating and prosecuting Dr. Xiao. The government's initial press release touting the government's indictment of Dr. Xiao stated plainly that the NSD assisted in prosecuting the case and identified the prosecution as part of the China Initiative "led by" NSD. *Mathematics Professor and University and Researcher Indicted for Grant Fraud*, Department of Justice, Office of Public Affairs (Apr. 22, 2021), https://www.justice.gov/opa/pr/mathematics-professor-and-university-researcher-indicted-grant-fraud. In the same press release, the first DOJ official quoted was then-Assistant Attorney General for NSD, John C. Demers, and U.S. Attorney Steven D. Weinhoeft stated that prosecutors in the Southern District of Illinois would "continue to work with our partners at NSD and the FBI on these important cases." *Id.*

On September 17, 2021, counsel for Dr. Xiao sent a letter to the government identifying the government's obligation to produce materials maintained by the NSD (as well as the Economic Espionage Unit of the Federal Bureau of Investigation ("EEU")) . *See* Letter from Patrick Linehan to Peter Reed at 3 (Sept. 17, 2021) (attached as Exhibit A). The letter specifically requested: "If there are any items in the NSD's possession, custody or control relating to the investigation that gave rise to Mr. Xiao's indictment (including items relating to any witnesses identified either in any the FD302s produced in this case, or in the reverse proffer you presented to us on July 1, 2021), please produce them immediately." *Id.*

2

In response, the government sent a letter on September 27, 2021, which stated in vague terms that NSD "was not ***directly*** involved in the investigation or collection of evidence except what has been disclosed through the US Attorney's Office[,]" and that "[a]ny evidence in [EEU's] possession, custody, or control was received from the investigating agent and investigating office." *See* Letter from Peter Reed to Patrick Linehan at 2 (Sept. 27, 2021) (emphasis added) (attached as Exhibit B). As noted in the follow-up request sent by the defense on November 15, 2021, the government's "response fails to meaningfully address [Dr. Xiao's] request." *See* Letter from Patrick Linehan to Peter Reed at 3-4 (Nov. 15, 2021) (attached as Exhibit C). In fact, the government's opaque response "suggests that both [NSD and EEU] have evidence in their possession, custody or control, but does not endeavor to answer whether such evidence has been or will be produced in compliance with Rule 16." *Id.* On November 29, 2021, the government sent a letter that did not meaningfully respond to Dr. Xiao's request. *See* Letter from Peter Reed to Patrick Linehan at 2 (Nov. 29, 2021) (attached as Exhibit D). The entirety of the government's response to this request was: "See my prior letters." *Id.*

In parallel with these communications with the government, Dr. Xiao sought an order from this Court to issue subpoenas to NSD and EEU pursuant to Federal Rule of Criminal Procedure 17(c) to ensure that relevant materials would be produced in advance of trial. *See* Def.'s Mot. for Issuance of a Subpoena Duces Tecum for Pre-Trial Production of Documents (Sept. 23, 2021), ECF No. 52. During the status conference on March 8, 2022, the Court denied that motion. That ruling, however, focused on the specific requirements of Rule 17(c), and did not change the government's obligations under Rule 16. Indeed, the Court made clear that it was denying the motion because Rule 17(c) was not the proper vehicle for seeking such discovery. *See* Transcript of Status Conference at 30:15-23 (Mar. 2, 2022), ECF No. 104.

3

Subsequent events have reinforced NSD's central role in this prosecution. On February 23, 2022, current NSD Assistant Attorney General Matthew Olsen gave a speech ending DOJ's controversial China Initiative. *See* Assistant Attorney General Matthew Olsen Delivers Remarks on Countering Nation-State Threats, Address at National Security Institute (Feb. 23, 2022), *available at* https://www.justice.gov/opa/speech/assistant-attorney-general-matthew-olsen-delivers-remarks-countering-nation-state-threats. In that speech, Assistant Attorney General Olsen stated that, following a comprehensive review, he "concluded that this initiative is not the right approach." *Id.* He further explained that "by grouping cases under the China Initiative rubric, we helped give rise to a harmful perception that the department applies a lower standard to investigate and prosecute criminal conduct related to that country or that we in some way view people with racial, ethnic or familial ties to China differently." *Id.* The speech confirmed that "[NSD] will take an *active supervisory role* in the investigations and prosecutions" of cases involving academics and research issues. *Id.* (emphasis added). Consistent with that approach, an NSD Trial Attorney, Mr. Shugert, initially entered his appearance in this case on the same day. *See* Not. of Att'y Appearance of Shawn Derek Shugert (Feb. 23, 2022), ECF No. 95 (stricken and re-filed on February 24, 2022).

Counsel for Dr. Xiao continued to press the government regarding a review of the NSD files. During a meet and confer telephone call on March 15, 2020, the government agreed that Mr. Shugert, as an individual, would be treated as part of the prosecution team for the purposes of Rule 16, but stated that it was "not sure" whether NSD as an entity should be considered part of the prosecution team. On March 24, 2022, counsel for Dr. Xiao renewed its request for the production of any Rule 16 material in the possession, custody, or control of NSD, including "any and all documentation relating to either NSD's or EEU's investigation of (1) Dr. Mingqing Xiao,

(2) Dr. Shuting Cai, or (3) Dr. Jianliang Tang." *See* Letter from Patrick Linehan to Peter Reed at 1 (Mar. 24, 2022) (attached as Exhibit E).

On March 30, 2022, the government sent a brief, three-paragraph letter stating only that Mr. Shugert "is part of the prosecution team in this case but was not directly involved in the investigation or collection of Rule 16 evidence except what has been disclosed through the US Attorney's Office." *See* Letter from Peter Reed to Patrick Linehan at 1 (Mar. 30, 2022) (attached as Exhibit F).  The letter made no reference to NSD as an entity.  The letter also stated the government's position that EEU "indicates that it played only an administrative and derivative role in this case," and that "[a]ny Rule 16 evidence in their possession, custody, or control was received from the investigating agent and investigating office."[2]  *Id.*  The government concluded that "the prosecution team has produced all ***discoverable*** information as it relates to Defendant's request and it has no reason to believe discoverable exists as it relates to the two identified potential witnesses," but the letter notably failed to state whether the prosecution team had accessed and/or reviewed the any NSD files as sought by Dr. Xiao.  *Id.* (emphasis added).  Instead, it stated that "the prosecution team does not have an obligation to seek out evidence regarding Defendant's potential witnesses or to produce evidence regarding Defendant's witnesses except insofar as such information separately falls under Rule 16 or *Brady/Giglio*."  *Id.*

Given the imminent approach of the trial date, the Dr. Xiao now respectfully moves for an order requiring the government to review the files of the NSD (or to unequivocally certify that it has done so) and to produce any material documents to Dr. Xiao.

---

[2] Based on this representation, the defense understands that the prosecution team has reviewed and produced all material documents maintained by EEU.  Thus, this motion focuses exclusively on the files maintained by the NSD.

## ARGUMENT

**I.    The Files of the NSD Are Within the Prosecution Team's Possession, Custody, or Control**

There is no dispute that the government is bound by Rule 16, which requires, upon request, inspection or copies of items "within the government's possession, custody, or control" that are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E). The government also has a duty to disclose exculpatory and impeachment information pursuant to *Brady* and *Giglio*. *See generally Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150 (1972). *Brady* and *Giglio* apply to material in the government's possession or known to others acting on the government's behalf. *See Kyles v. Whitley*, 514 U.S. 419, 437; *see also United States v. Ghailani*, 687 F. Supp. 2d 365, 371 (S.D.N.Y. 2010) ("Rule 16 and *Brady* in fact serve different purposes, and it is far from clear that their definitions of 'the government' are or should be identical."). As set forth below, the contemplated documents and data, if they exist (which Dr. Xiao cannot independently verify, no matter how diligently he tries), are within the possession, custody, or control of the government and are material to preparing Dr. Xiao's defense.

Files maintained by the NSD are plainly within the possession, custody, or control of the prosecution team. The law is clear that "possession, custody, or control" extends beyond the particular United States Attorney's Office's own investigation files. *See, e.g.*, *United States v. Libby*, 429 F. Supp. 2d 1, 6 (D.D.C. 2006) ("Documents maintained by other components of the government which are 'closely aligned with the prosecution' must be produced.") (citations omitted). Instead, documents are "within the government's possession, custody, or control if the prosecution has knowledge of and access to them." *United States v. Caputo*, 373 F. Supp. 789, 793 (N.D. Ill. 2005) (quoting *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995)). As this Court is aware, a complicating factor can arise when documents are in the possession, custody, or

control of another agency that participated in the investigation of the defendant regarding whether

the prosecutor has "knowledge of and access to the documents." *Santiago* at 893-94 (quoting

*United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989)).  Prosecutors are "deemed to have

knowledge of and access to anything in the custody or control of any federal agency participating

in the same investigation of the defendant."  *United States v. Zuno-Arce*, 44 F.3d 1420, 1427 (9th

Cir. 1995).  This rule reflects the practical reality that "a federal prosecutor need not comb the files

of every federal agency which might have documents regarding the defendant in order to fulfill

his or her obligations under [Rule 16]."  *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir.

1989).

This Court previously addressed this issue when Dr. Xiao moved to compel discovery

under Rule 16 of documents within the possession, custody, or control of the National Science

Foundation ("NSF").  *See generally* Def.'s Mot. for Discovery and Inspection Under Rule 16 (Dec.

13, 2021), ECF No. 81.  The Court rejected the argument that NSF should be treated as part of the

prosecution team for the purposes of Rule 16, and held that "the Government does not have an

affirmative duty to seek out and gather documents that it does not have in its custody and control,"

meaning the "custody and control of *any individual or entity that's part of the prosecution team*."

*See* Transcript of Status Conference at 32:15-20 (Mar. 2, 2022) (emphasis added), ECF No. 104.[3]

That is the exact situation at issue here.  DOJ has represented that NSD played a role in

this investigation and prosecution, and, in fact, an NSD Trial Attorney entered an appearance after

the Assistant Attorney General stated that NSD would exercise greater oversight in supervising

cases like this one.  Dr. Xiao is not requesting that the government "comb the files of every federal

---

[3]  The Court has yet to rule definitively on certain aspects of Dr. Xiao's motion for the issuance of a Rule 17(c) motion on NSF.  Dr. Xiao has submitted to the Court earlier today a letter inquiring into the status of the Court's ruling on that motion.

agency." *Bryan*, 868 F.2d at 1036.  Instead, Dr. Xiao is merely asking that one of the prosecutors who has appeared before this Court review the files of his own office.  Surely the government cannot argue that the prosecution team, which includes an NSD Trial Attorney, does not have "knowledge of and access to" files maintained by the NSD.  *Caputo*, 373 F. Supp. 2d 793; *see also United States v. Ghailani*, 687 F. Supp. 2d 365, 370-72 (S.D.N.Y. 2010) (noting the parties' agreement that the definition of "the government" included "the prosecution team, and members of 'Main Justice' who have been involved with this prosecution," and further holding that the "prosecution team" included higher-level DOJ officials not otherwise "intimately involved" in the prosecution who had "participated in advising on or making the decisions regarding" the detention of the defendant).

In short, NSD's files are therefore within the possession, custody, and control of the prosecution team and fall within the first prong of Rule 16(a)(1)(e).  *See also* Justice Manual § 9-5.002 ("With respect to Department of Justice law enforcement agencies, with limited exceptions, the prosecutor should be granted access to the substantive case file and any other file or document the prosecutor has reason to believe may contain discoverable information related to the matter being prosecuted.").  Any other result would create an incentive for DOJ to divide up and segregate the components of the Criminal Division and the FBI in order to avoid providing the crucial discovery that is required by Rule 16.  *See also id.* ("Prosecutors are encouraged to err on the side of inclusiveness when identifying the members of the prosecution team for discovery purposes.").

## II.    The Requested Evidence Would Be Material to Dr. Xiao's Defense

The potential information and documents identified by Dr. Xiao meet the second prong of Rule 16(a)(1)(e) because they would be material to preparing his defense.  The Seventh Circuit has explained that "[e]vidence is material to preparing the defense if it would 'significantly help[] in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or

assisting impeachment and rebuttal.'" *United States v. Owens*, 18 F.4th 928, 936 (7th Cir. 2021) (quoting *United States v. Gaddis*, 877 F.2d 605, 611 (7th Cir. 1989)).   That recent decision reiterated the clear requirement that "[t]his materiality standard normally 'is not a heavy burden.'" *Id.*  (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993).  Instead, for the purposes of Rule 16, "[m]ateriality is a low threshold; it is satisfied so long as 'the information . . . would have helped' [the defendant] prepare a defense." *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013) (quoting *United States v. Doe*, 705 F.3d 1134, 1151 (9th Cir. 2013)).

Of course Dr. Xiao cannot independently determine the contents of the government's files regardless of his degree of diligence, and he must rely on the government to meet its discovery obligations.  *Cf.* Justice Manual § 9-5.001 (explaining that, in the context of exculpatory and impeachment evidence, "this policy encourages prosecutors to err on the side of disclosure in close questions of materiality").  Although Dr. Xiao has limited insight into the government's files, he specifically requested "any and all documents relating to any NSD . . . investigation related to Dr. Xiao, Dr. Cai, or Dr. Tang," specifically including:

    (1) Any email communications involving or regarding these individuals in any "China Initiative" investigation;

    (2) Any recordings or work product documenting any surveillance conducted on these individuals; and

    (3) Any "takes" from electronic surveillance done on any of these individuals under the Foreign Intelligence Surveillance Act ("FISA").

Letter from Patrick Linehan to Peter Reed at 1 (Mar. 24, 2022) (attached as Exhibit E).

If any such documents exist, they would clearly be material to preparing Dr. Xiao's defense.  Both Dr. Cai and Dr. Tang are central to the charges brought against Dr. Xiao in this matter.  Based on the government's description of its view of this case during the reverse proffer on July 1, 2021, Counts 1 through 3 of the Superseding Indictment hinge in significant part on Dr.

Xiao's alleged failure to disclose a grant from the Natural Science Foundation of Guangdong Province that Dr. Xiao was allegedly awarded sometime in 2017, and Dr. Xiao's purported application for and work on this grant was done at the encouragement of and in coordination with Dr. Cai. Moreover, Dr. Tang, a professor at Shenzhen University, was the individual who facilitated Dr. Xiao's arrangement with Shenzhen University beginning in 2016, the omission of which from Dr. Xiao's grant proposal is an additional purported basis for Counts 1 through 3.

Consistent with that earlier position, the government has translated numerous emails containing hearsay statements by both Dr. Cai and Dr. Tang that the defense anticipates the government may seek to admit at trial. These email communications, which are unreliable hearsay and lack meaningful context, nonetheless appear to be key to the government's theory of the case. Any information collected by NSD regarding Dr. Cai or Dr. Tang is thus critical to an assessment of the reliability of the statements in these emails (should they be admitted as evidence) and of the testimony of those individuals should they testify at trial.[4] Therefore, if any documents or information related to these topics (or any other material issue) existed in the NSD files, they would be relevant to key witnesses and elements of the charged offenses, and thus would be clearly within the scope of Rule 16(a)(1)(E)(i) because they are material to preparing Dr. Xiao's defense. It may be the case that no such documents exist, but the government has repeatedly avoided the opportunity to so state unequivocally. For these reasons, Dr. Xiao is required to respectfully request this Court's intervention.

---

[4] If NSD has opened investigations into Dr. Cai or Dr. Tang, it seems self-evident that the NSD Trial Attorney assigned to this case would be aware of those investigations and have access to related investigation files. If the government represents that no such investigations exist, it should be required to do so in a declaration filed with this Court.

## **CONCLUSION**

For the reasons set forth above, the files of the NSD are within the possession, custody, or control of the prosecution team, and the government must produce any documents in those files that are material to preparing Dr. Xiao's defense.

Dated: April 4, 2022

Respectfully submitted,

 /s/ Ryan P. Poscablo
Ryan P. Poscablo, *pro hac vice*
Steptoe & Johnson LLP
1114 Avenue of the Americas
New York, NY 10036
rposcablo@steptoe.com
212.506.3900

Patrick F. Linehan, *pro hac vice*
James M. Hobbs, *pro hac vice*
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC  20036
plinehan@steptoe.com
jhobbs@steptoe.com
202.429.3000

*Attorneys for Defendant Mingqing Xiao*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2022 I electronically filed the foregoing motion with the

Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel

of record, including:

Peter T. Reed
Assistant U.S. Attorney
9 Executive Drive
Fairview Heights, Illinois 62208

Scott A. Verseman
Assistant U.S. Attorney
9 Executive Drive
Fairview Heights, Illinois 62208

Shawn Derek Shugert
Trial Attorney, National Security Division
950 Pennsylvania Ave NW, Suite 7700d
Washington, DC 20530


/s/ Ryan P. Poscablo
Ryan P. Poscablo