# <u>Exhibit A</u>

Patrick F. Linehan
202 429 8154
plinehan@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

September 17, 2021

**VIA EMAIL**

Peter T. Reed
Assistant United States Attorney
U.S. Attorney's Office for the Southern District of Illinois
9 Executive Drive
Fairview Heights, IL 62208
Tel. 618-628-3700
Peter.Reed@usdoj.gov

Re:   *United States v. Mingqing Xiao*, Case No. 4:21-cr-40039

Dear AUSA Reed:

Thank you for your letter dated August 11, 2021.  We write as a follow up to that letter and our conversation, to confirm that you will provide certain documents as they become available, and to seek clarification on certain responses you gave regarding our requests for certain information pertinent to Dr. Xiao's defense.  As you know, our trial date is less than six weeks away, so your immediate attention to these matters would be greatly appreciated.

**Grand Jury Transcripts.**   In your August 11, 2021 letter, you confirmed that a "transcript of grand jury testimony will be provided to you once it has been received...."  You similarly noted that "transcripts of any Government agent who provided testimony before the grand jury" shall also be provided.  We write to inquire as to the status of these transcripts and to confirm that we wish to receive these by next Friday, September 24, 2021.

**Grand Jury Subpoena Responses.**   Your letter confirmed that we have received "all responses to grand jury subpoenas in this case, and the underlying subpoena requests for those responses."  We write to inquire as to the status of your producing the Bank of America subpoena sent in September 2020.  Though Bank of America "did not respond to this subpoena," you stated the "subpoena will be produced to you."  We are still waiting on its production.

**International Requests for Documents.**   In our letter dated July 30, 20121, we asked that you confirm "that the Government has not requested documents or information from universities or entities in China in connection with this case."  You responded that "[t]he

BEIJING     BRUSSELS     CHICAGO     LONDON     LOS ANGELES     NEW YORK     PHOENIX     SAN FRANCISCO     WASHINGTON

Page 2
September 17, 2021

government has not requested documents or information *directly* from universities or entities in China in connection with this case." When we spoke, you noted that the term "directly" did not imply any *indirect* communications or requests for documents or information with any universities or entities in China. We ask that you confirm that no such requests have been made, either directly or indirectly.

**Handwritten Interview Notes.** You have provided no reason as to why the handwritten notes from other interviews—that you have confirmed exist—have not been produced. We write to again request the production of all handwritten interview notes. The extemporaneous notes taken during the interviews clearly constitute a more accurate, and clearly not the best, summary of what the witnesses stated during the interviews as opposed to reports that were written subsequent to the interview. We ask that these be produced by next Friday, September 24, 2021.

**Electronic Hardware.** We again request the return of the Huawei cellphone seized during the Government's search. As you are aware, it is the defendant's position that this cellphone was taken without consent and not pursuant to any judicially authorized means. Nonetheless, even if the phone was seized pursuant to the search warrant issued for Dr. Xiao's home, the Government has now made digital copies of the device and has provided no reason why it should be able to maintain possession of an item owned by Dr. Xiao. As you are aware, we have noted that the device, and in particular, applications on the device, contain *Brady* material as well as material relevant to Dr. Xiao's defense. Because Federal Rule of Criminal Procedure 41(e)(2)(b), assuming the phone were lawfully seized, requires the return of the copied devices within 30 days, we ask for its immediate return. As to your request that the defense stipulate to the admissibility of digital copies and photographs, we will consider your request for a stipulation once we are presented with the specific digital copies and photographs that you intend to introduce into evidence, after understanding the process by which such evidence was procured.

**Additional Reports.** We asked you for any FD-302 Reports and any other reports prepared or presented by your investigation team regarding their surveillance of Dr. Xiao and his family. You agreed to inquire with your investigation team about any additional reports that might exist. Having not received an update, we write to request any additional information gathered as to other surveillance on Dr. Xiao and his family and to confirm our desire to receive this information.

**Search Warrant Photos**. We want to ensure that we have received all photos taken from the Search Warrants conducted at Dr. Xiao's home and office.

**Additional *Brady, Giglio,* Jencks and Rule 16 Discovery.** You affirmed your continuing obligation to produce such material as it becomes available to you and we ask that you continue to produce such material pursuant to your obligations.

Page 3
September 17, 2021

**Additional Reports and Information.**  In addition to these outstanding issues, we also seek your confirmation that your fulfillment of Rule 16 obligations included the production of any documents and materials otherwise covered by Rule 16 that may reside in the possession, custody or control of the National Security Division of the Department of Justice ("NSD") and the FBI's Economic Espionage Unit.  *See Mathematics Professor and University and Researcher Indicted for Grant Fraud*, Department of Justice Office of Public Affairs (Apr. 22, 2021), https://www.justice.gov/opa/pr/mathematics-professor-and-university-researcher-indicted-grant-fraud (referencing NSD's involvement in investigation); Stephen M. Dalechek, *Claim Disruption*, FBI FD-1057 (Jan. 13, 2021); Stephen M. Dalechek, *Claim Second Disruption*, FBI FD-1057 (Apr. 22, 2021) (referencing involvement of Economic Espionage Unit at FBI headquarters) (attached hereto as Exhibit A). If there are any items in the NSD's possession, custody or control relating to the investigation that gave rise to Mr. Xiao's indictment (including items relating to any witnesses identified either in any the FD302s produced in this case, or in the reverse proffer you presented to us on July 1, 2021), please produce them immediately.

For purposes of this letter, "information" refers to all documentary, tangible, or oral material, including, but not limited to, statements by witnesses, whether recorded or otherwise memorialized or not; grand jury testimony; and reports of investigation or personal notes of investigators.  Such information is "known" to the Government if known to you personally or known to any other prosecutor, or law enforcement agent in your office or at FBI Headquarters' Economic Espionage Unit, which you could acquire actual knowledge of through the exercise of due diligence in responding to these inquiries.  Please disclose all supporting documents or objects as well as the names and addresses of all witnesses having knowledge of the information disclosed.  Finally, as you know, the duty to disclose is a continuing one, stretching until the final disposition of this case.

In the event that you are unable or unwilling to provide the requested information or to do so timely as we have requested, or if you disagree with any of the foregoing representations, please advise us promptly so that we may file any necessary pretrial motions.

**Privileged Materials.**  As we previously discussed with you, we noted the production, by the Government, of documents concerning Dr. Xiao's retention of tax counsel.  You noted that "these two documents are not part of the case file, but part of the additional discovery produced beyond our Rule 16 obligations as part of Google's response to a search warrant."  You further noted that "the FBI agent on this case has not viewed any privileged documents within Google's discovery response" and that you "have taken appropriate steps to ensure any such documents are not review by members of the prosecution team."  We write to inquire as to the specific steps taken by the entire Government team, both the investigation team and the prosecution team to upon collection and review of any search warrant documents to ensure that privileged materials were not produced and reviewed.  Who are the members of the privileged review team that removed privileged or potentially privileged documents? What was the process for ensuring that this did not occur.  As to your point, on a going-forward basis, what steps have been taken by the

Page 4
September 17, 2021

government to ensure that such documents are not reviewed by members of the Government team?

**Draft Translations.**  We ask that the Government continue to provide any additional draft translations as they are produced.

Dr. Xiao needs to have all of this information sufficiently in advance of trial to allow him and his counsel adequate time to fully prepare his trial defense. Accordingly, please address these issues by Friday, September 24, 2021.  We look forward to receiving your responses.

Thank you for your attention to these requests.

Sincerely,

Patrick F. Linehan

cc:     Ryan Poscablo, Esq.
        Michelle Nasser, Esq.