IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cr-40039-SMY |
| | ) |
| MINGQING XIAO, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Before the Court is Defendant Mingqing Xiao's opposed Motion to Suppress Statements and Evidence (Doc. 39), opposed Motion to Permit Trial Testimony by Videoconference (Doc. 50), Motion to Issue/for Service of Subpoena (Doc. 52), opposed Motion to Dismiss the Superseding Indictment (Doc. 75), and opposed Motion for Discovery (Doc. 82). Also before the Court is the Government's Motion to Issue/for Service of Subpoena (Doc. 99). The Court conducted a hearing on these matters on March 2, 2022 and requested that Defendant submit documentation regarding his FOIA requests to the NSF and SIU Carbondale and the responses for the Court's review (*See* Docs. 101, 104).

Having considered the parties' written submissions and arguments, and for the following reasons and those more fully stated on the record (Doc. 104), **THE COURT RULES AS FOLLOWS:**

## Motion to Suppress (Doc. 39)

Defendant asserts that the Government violated his Fifth Amendment rights when they interviewed him on December 3, 2020. Specifically, he argues that he was subjected to a

systematic custodial interrogation without informing him of his *Miranda* rights, and therefore, any statements made by him and information attained should be suppressed.

The agents did not conduct a custodial interrogation of Defendant on December 3, 2020. Defendant's participation in the interview was voluntary and his statements were not coerced. Defendant invited the agents into his home, selected the location for the interview, told the agents they could ask any questions they wished, and voluntarily responded to those questions. Defendant was free to leave or terminate the interview at any point – he was not under arrest or physically restrained. As such, the agents were not constitutionally required to provide him with *Miranda* warnings prior to or during the interview.

Likewise, statements Defendant made to the agent on January 21, 2021 were not coerced. The 15-minute interview was pre-arranged. Significantly, Defendant was advised of his Miranda rights at the outset and again voluntarily responded to the agent's questions. He also signed a consent form for access to his digital applications and websites.

Lastly, Defendant argues that the agents illegally seized his cell phones on December 3, 2020 because the affidavit provided to the magistrate judge for the issuance of a search warrant did not include the seizure of cell phones or any references to cell phones. This is not correct. Pages 48 - 51 of the affidavit requests the seizure of electronic files on computers and storage mediums, and an attachment to the affidavit specifically defines computers to include cell phones.

Accordingly, Defendant's motion to suppress is **DENIED** in its entirety.

### Motion to Permit Trial Testimony by Videoconference (Doc. 50)

During the early stages of the case, Defendant filed a motion seeking to permit remote testimony by three witnesses in China due to the COVID-19 pandemic and related travel restrictions. For many reasons, the risks associated with COVID-19 are reduced, and those travel

restrictions have now been lifted; the witnesses may safely appear in person. Moreover, the reliability of witness testimony is grounded in the oath and penalty of perjury; there is no assurance of reliability for witnesses appearing outside of the country and for which the penalty of perjury poses no deterrent to false testimony.

Accordingly, the motion is **DENIED**.

### Rule 17(c) Motion for Issuance of a Subpoena (Doc. 52)

Rule 17(c) is not a discovery vehicle. Under Rule 17(c) and the *Nixon* standard, the proponent of a Rule 17(c) subpoena must demonstrate specificity of the request, relevancy, and admissibility. In other words, they need to establish a sufficient likelihood that the subpoena would result in the disclosure of relevant, admissible evidence.

### Request for Subpoena Directed to NSF

1. ***Documents relating to the grant proposal submitted by Dr. Xiao on behalf of SIUC*** – The request is specific, relevant to the offense, and there is a sufficient likelihood the documents exist and would be admissible at trial. Accordingly, the motion is **GRANTED** as to paragraph 1.

2. ***Documents relating to all grant awards by NSF to colleges/universities in which the Primary Investigator identified in the grant proposal disclosed an affiliation with a Chinese university in either the "Organizational Affiliations" or "Current and Pending Support" sections of NSF's grant proposal form*** – The request is overbroad, vague, and refers to documents the Court does not find probative of the offense elements or any defense to the offense. Accordingly, the motion is **DENIED** as to paragraph 2.

3. ***Documents relating to any changes to the relevant sections of NSF's***

*grant proposal form or its PAPPG (January 1, 2017- present)* – The request is overbroad, vague, and refers to documents the Court does not find probative of the offense elements or any defense to the offense. Accordingly, the motion is **DENIED** as to paragraph 3.

4. ***Documents relating to the April 29 – May 1, 2019 email exchange between NSF Program Director Yvonne Miao-Jung Ou and Dr. Xiao, regarding Dr. Xiao's disclosures of purported affiliations and support from "worldwide sources" in connection with the Grant Proposal*** – Defendant fails to establish the documents sought exist. Moreover, the request refers to documents the Court does not find probative of the offense elements or any defense to the offense. Accordingly, the motion is **DENIED** as to paragraph 4.

5. ***Emails from NSF to any other grant applicant responding to Request for Proposal No. 1854638 requesting information similar to that requested in Ms. Ou's April 29, 2019 email to Dr. Xiao*** – Defendant fails to establish the documents sought exist. Moreover, the request is overbroad, vague, and refers to documents the Court does not find probative of the offense elements or any defense to the offense. Accordingly, the motion is **DENIED** as to paragraph 5.

6. ***Documents concerning NSF's investigation of the allegation that Dr. Xiao committed plagiarism in a prior NSF grant application*** – the documents sought are irrelevant to the charged offense and would be inadmissible at trial. Accordingly, the motion is **DENIED** as to paragraph 6.

### Request for Subpoena Directed to SIU-C

1. ***Documents concerning SIUC's internal policies and processes for (a) identifying and disclosing faculty members' conflicts of interest or commitment, and (b) training faculty on, and SIUC's prior internal review of, the submission of grant proposals to U.S. Government***

*agencies (January 1, 2017 through December 31, 2018)* – Defendant fails to establish the documents sought exist. Moreover, the request is overbroad, vague, and refers to documents the Court does not find probative of the offense elements or any defense to the offense. Accordingly, the motion is **DENIED** as to paragraph 1.

2.  *Documents concerning Dr. Xiao's submission of grant applications to U.S. government agencies on behalf of SIUC (January 1, 2017 through present)* – The motion is **GRANTED** as to paragraph 2, limited however to a request for documents concerning Dr. Xiao's September 2018 grant application to the NSF.

3.  *Documents concerning SIUC's relationship with Shenzhen University (September 1, 2015 through May 1, 2019)* – The request is overbroad, vague, and refers to documents the Court does not find probative of the offense elements or any defense to the offense. Accordingly, the motion is **DENIED** as to paragraph 3.

J. **From SIUC (4)**

4.  *Documents concerning an April 19, 2018 meeting with Dr. Xiao, and fellow SIUC faculty members Yi Lee and Andrew Carver* – The request is overbroad, vague, and refers to documents the Court does not find probative of the offense elements or any defense to the offense. Accordingly, the motion is **DENIED** as to paragraph 4.

5.  *Documents responsive to the requests in all of the Government's grand jury subpoenas that are found in the electronic and hard-copy files of all relevant witnesses* – The request is overbroad, vague, and refers to documents the Court does not find probative of the offense elements or any defense to the offense. Accordingly, the motion is **DENIED** as to paragraph 5.

**Request for Subpoenas Issued to the U.S. Department of Justice National Security Division and the Federal Bureau of Investigation Economic Espionage Unit**

Defendant requests the issuance of a subpoena directed to the United States Department of Justice, National Security Division, and the Federal Bureau of Investigations, Economic Espionage Unit, seeking all documents concerning the investigation of Defendant, as well as the investigation of two key witnesses. This request is in the nature of discovery and beyond the scope of Rule 17(c) and is therefore **DENIED**.

**Motion to Dismiss Superseding Indictment (Doc. 75)**

Defendant argues that the Superseding Indictment relies upon allegations that Defendant provided incorrect information regarding his organizational affiliations and current and pending support in the NSF application, and that those terms are fundamentally ambiguous and cannot support the charges. Defendant's understanding of the questions he responded to in the NSF application and his intent in responding raise questions of factual ambiguity, which are in the province of the jury to decide. While the doctrine of fundamental ambiguity creates a narrow exception for questions that are incapable of being reasonably understood, the questions on the application regarding organizational affiliations or pending support are not fundamentally ambiguous; they are straightforward and easily capable of being understood. The same is true with respect to NSF's follow-up e-mail and IRS Form 1040 seeking information regarding the existence of foreign bank accounts.

Defendant further argues that the Superseding Indictment is insufficient on its face as it relates to allegations of Defendant's intent and whether he acted willfully. An indictment is sufficient if it sets forth all elements of the crimes charged, adequately informs the defendant of the nature of the charges against him, and allows him to assert judgment as a bar to future

prosecutions for the same offenses. The Superseding Indictment in this case meets this standard and is sufficient on its face.

Accordingly, Defendant's Motion to Dismiss the Superseding Indictment is **DENIED**.

### **Motion for Discovery (Doc. 82)**

Defendant moves for an order requiring the Government to produce and permit Defendant to inspect or copy the following documents: documents related to Defendant, his research, and the request for grant proposals that are in the possession, custody or control of the NSF; and contemporary notes taken during Government interviews of witnesses by investigators.[1]

The Government does not have an affirmative duty to seek out and gather documents that it does not have in its custody and control. However, Defendant argues that in this case, the NSF is essentially a member of the prosecution team, and therefore, any documents of the NSF are within the custody and control of the Government. Under the current state of the law, neither NSF's involvement in the investigation leading to Defendant's indictment not the fact that individuals associated with the agency may be called as witnesses at trial converts the agency to a member of the prosecution team. Therefore, the motion is **DENIED** with respect to documents in the possession of NSF.

Rule 16(a)(2) exempts from disclosure reports, memoranda, or other internal government documents made by a government agent in connection with investigating or prosecuting a case. As a general rule, notes made by a government agent in connection with the investigation or prosecution of a case are exempt from disclosure on Rule 16(a)(2) as long as the Government produces the written reports that contain the information that would be contained in the notes. Defendant's argument that he is entitled to the notes so that he can independently verify whether

---

[1] Defendant's request for unredacted versions of any surveillance reports has been resolved.

or not the 302 reports the Government produced are accurate is without legal support. Accordingly, the motion is **DENIED** on this point as well.

### Government's Motion for the Issuance of Rule 17(c) Subpoena (Doc. 99)

The Government seeks the issuance of a subpoena directed to the defendant for the production of three items: "First. All records that are required to be maintained pursuant to 31 C.F.R., Section 1010.420, relating to foreign financial accounts; "Secondly. Remaining pages of Mr. Xiao's signed 25 2016 contract with Shenzhen University, which were omitted from his communication to SIU-C on January 16, 2021; and, "Third. Communications from the Natural Science Foundation of Guangdong Province, notifying Defendant that he had been awarded the grant from the Natural Science Foundation of Guangdong Province and the grant number assigned to that grant[.]" (Doc. 99).  Each request is sufficiently specific as to the documents sought.

With respect to the first category of records requested, because Defendant is required to maintain the documents in question, his production would not violate his Fifth Amendment privilege against self-incrimination.  As to categories two and three, Defendant has previously stated that the records exist.  Thus, his production cannot be deemed testimonial or violative of his privilege against self-incrimination. and would or could be admissible.

Accordingly, the Government's motion is **GRANTED** in its entirety.

**IT IS SO ORDERED.**

DATED:  April 13, 2022

**STACI M. YANDLE**
**United States District Judge**