IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cr-40039-SMY |
| | ) |
| MINGQING XIAO, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Pending before the Court are Defendant Mingqing Xiao's Motion to Compel Discovery (Doc. 116), Motion to Quash Rule 17(c) Subpoena (Doc. 120), Motion to Strike the United States of America's (the "Government") Trial Brief (Doc. 126) and the motions *in limine* filed by the Government (Docs. 49, 107, and 124) and Defendant (Docs. 51 and 110). The Court took up these matters during the final pre-trial conference held on April 14, 2022, and rules as follows:[1]

### *Defendant's Motion to Compel Discovery of Any Material Evidence in the Possession, Custody, or Control of the National Security Division (Doc. 116)*

Defendant moves for an order requiring the Government to review the files of the NSD (or to unequivocally certify that it has done so) and to produce any material documents to Defendant. The motion is **DENIED**.

### *Defendant's Motion to Quash Rule 17(c) Subpoena (Doc. 120)*

The Government requests all records required to be maintained pursuant to 31 C.F.R. § 1010.420 relating to foreign financial accounts that Defendant had/has a financial interest in or signature authority over. The motion to quash is **DENIED** as to this request.

---

[1] See the record for the Court's detailed rulings.

The Government requests the remaining pages of Defendant's signed 2016 contract with Shenzhen University, which were omitted from Defendant's communication to SIUC on January 16, 2021. The motion to quash is **MOOT** as to this request.

The Government requests communications from the Natural Science Foundation of Guangdong Province, Guangdong University of Technology, and/or their employees, notifying Defendant that he had been awarded the grant from the Natural Science Foundation of Guangdong Province and the grant number assigned to that grant. The motion to quash is **MOOT** as to this request.

### *Defendant's Motion to Strike the Government's Trial Brief (Doc. 126)*

Defendant moves to strike the Government's trial brief filed on April 8, 2022 (Doc. 121). The motion is **GRANTED,** and the Clerk of Court is **DIRECTED** to **STRIKE** the Government's trial brief.

### *Government's Motions in Limine (Docs. 49, 107, 124)*

1. The Government moves to exclude the defense from presenting evidence regarding the motivation for investigating or prosecuting this case. The motion is **GRANTED in part**.

2. The Government moves to exclude the defense from presenting evidence that the jury could draw an inference from the fact that Defendant was not charged with other offenses. The motion is **GRANTED** without objection.

3. The Government moves to exclude the Defendant from defining reasonable doubt to the jury. The motion is **GRANTED** without objection.

4. The Government moves to exclude evidence regarding any penalty to be imposed on the Defendant in the event he is convicted. The motion is **GRANTED** without objection.

5. The Government moves to exclude irrelevant tax information. The motion is **GRANTED**.

6. The Government moves to exclude evidence of the FBI's presentations regarding China to regional businesses and non-profits. The motion is **GRANTED**.

## *Defendant's Motions in Limine (Doc. 51)*

1. Defendant moves to exclude the Government from telling the jury that Defendant's prosecution is a part of the U.S. Department of Justice's China Initiative or a part of any investigation into Chinese Thousand Talents programs and exclude arguments that this case involves any espionage or spy craft or any theft of trade secrets. The motion is **GRANTED**.

2. Defendant moves to exclude any testimony by Special Agent Stephen M. Dalechek concerning any training he received in conducting National Security Investigations and Chinese talent programs. The motion is **GRANTED in part**.

3. Defendant moves to exclude certain cross examination testimony from Dr. Shuting Cai, Dr. Jianliang Tang, Dr. Xuesong Chen, and other professors and administrators. The motion is **GRANTED in part.**

4. Defendant moves to exclude testimony of any evidence of Defendant's other grant applications, employment or teaching opportunities either domestically or abroad. The motion is **GRANTED**.

5. Defendant moves to exclude evidence related to Defendant's bank account at The Industrial and Commercial Bank of China. The motion is **GRANTED**. [2]

6. Defendant moves to exclude Todd Wakeland from testifying about topics he discussed with the FBI during his interview with them. The motion is **DENIED**.

---

[2] Defendant filed a Supplemental Response and Request for Modification of Motion *in Limine* Ruling (Doc. 130) following the final pre-trial conference. Based on the information in the Supplemental Response, the Court amends its ruling on the record and grants the motion *in limine*.

7. Defendant moves to exclude any evidence, documents or testimony concerning an investigation by the National Science Foundation ("NSF") and a subsequent finding by SIUC that Defendant violated the Southern Illinois University's Research Misconduct Policy.  The motion is **GRANTED in part**.

8. Defendant moves to suppress his recorded custodial interrogation with federal agents, evidence resulting from federal agent's collection of certain passwords related to certain bank accounts and cellphones, evidence obtained from the Government's search and seizure of Defendant's cellphones.  The motion is **DENIED**.

## *Defendant's Motions in Limine (Doc. 110)*

1. Defendant moves to exclude the Government from telling the jury that this prosecution is part of the China Initiative.  The motion is **GRANTED**.

2. Defendant moves to exclude the Government from making arguments or presenting any evidence concerning Chinese talent programs.  The motion is **GRANTED**.

3. Defendant moves to exclude the Government from offering evidence of Defendant's relationships with Chinese universities other than Shenzhen University.  The motion is **GRANTED**.

4. Defendant moves to exclude the Government from arguing that the Defendant engaged in espionage, spy craft, or theft of trade secrets.  The motion is **GRANTED**.

5. Defendant moves to exclude the Government from presenting evidence from Dr. Shuting Cai, Dr. Jianliang Tang, Dr. Xuesong Chen, and other professors and administrators.  The motion is **GRANTED in part**.

6. Defendant moves to exclude the Government from eliciting any testimony or evidence that Defendant violated SIUC's conflict of interest policy.  The motion is **GRANTED**.

7. Defendant moves to exclude Todd Wakeland from testifying to topics he discussed with the FBI during his interview with them or his January 8, 2019, email. The motion is **DENIED**.

8. Defendant moves to exclude the Government from offering evidence, documents or testimony concerning the conclusions and outcome of an investigation of Defendant by the NSF unrelated to the charges in this case. The motion is **GRANTED in part**.

**IT IS SO ORDERED.**

**DATED:** April 18, 2022

**STACI M. YANDLE**
**United States District Judge**