IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21-cr-40039-SMY |
| ) | |
| MINGQING XIAO, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' MOTIONS IN LIMINE TO LIMIT THE SCOPE OF THE TESTIMONY OF DEFENDANT'S EXPERT WITNESS ERIC COLLINS**

The United States, by its undersigned counsel, moves the Court to limit the scope of the testimony of defendant's proposed expert witness, Eric Collins. Defendant's Notice of Expert Testimony, Doc. 115, states that Mr. Collins will testify to three things:

1. "[T]he tax treatment of foreign bank accounts in the United States, including the overlapping obligations set forth in the Foreign Bank and Financial Accounts ('FBAR') provisions, IRS Form 8938, and IRS Form 1040 Schedule B[.]"

2. "The use of consumer-oriented tax preparation software, the strengths and weaknesses of those programs, and the tax preparation software used by his firm."

3. And Mr. Collins will then opine on "the prompts and guidance provided by the TurboTax software relied on by Dr. Xiao to prepare his tax returns for the years at issue in this case."

The United States respectfully requests that the Court preclude testimony from Mr. Collins on topics 2 and 3 because the testimony would be irrelevant, likely to confuse the jury, and outside the scope of his purported expertise. The United States does not object to Mr. Collins's testimony on topic 1.

1

FRE 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), govern the admissibility of expert testimony. Qualified experts are only permitted to provide an opinion under FRE 702 if their testimony (1) "will help the trier of fact to understand the evidence or to determine a fact in issue," (2) "is based upon sufficient facts or data," (3) "is the product of reliable principles and methods," and (4) "applie[s] the principles and methods reliably to the facts of the case." FRE 702. The district court acts as the evidentiary gatekeeper, ensuring that FRE 702's requirements of relevance and reliability are satisfied before allowing the finder of fact, the jury in this case, to hear the testimony of a proffered expert. See Daubert, 509 U.S. at 589; Jenkins v. Bartlett, 487 F.3d 482, 488–89 (7th Cir. 2007). In addition to relevance and reliability, the trial court also determines whether the proposed expert has "appropriate qualifications" on the subject matter. United States v. Hankey, 203 F.3d 1160, 1167-68 (9th Cir. 2000). The proponent of the expert testimony has the burden of establishing admissibility by a preponderance of the evidence. United States v. Weis, 891 F. Supp. 2d 1007, 1010 (N.D. Ill. 2012).

Mr. Collins's testimony about other "consumer-oriented tax preparation software, the strengths and weaknesses of those programs, and the tax preparation software used by his firm," Doc. 115, which are all tax programs definitively *not* used by the defendant, is not permitted under FRE 702. Before Mr. Collins can provide an opinion under FRE 702, the Court must first determine whether his testimony will aid the jury in understanding some piece of evidence, or in determining some fact that is in issue. The only tax preparation program that will be in evidence and discussed by fact witnesses is TurboTax, the program used by the defendant in 2017, 2018, and 2019. Mr. Collins's testimony and comparison of other programs does not assist the jury in understanding a piece of evidence in this case, and only serves to confuse the issues and waste time. Similarly, the ambiguity or clarity of questions asked by other tax preparation programs is

2

not a fact in issue in this case. Introducing evidence and opinions about any number of other tax programs is irrelevant to the conduct charged in Counts 4, 5, and 6. What the defendant, or any other person, may answer in response to other tax software questions has no bearing on this case.

Further, Mr. Collins will not be qualified to give the opinion sought by Defendant. Defendant hopes to have Mr. Collins review and testify to questions contained in other tax programs and then opine that the questions in TurboTax are more confusing than those other programs. Mr. Collins is employed as a Tax Principal. Doc. 115. He likely has the qualifications to serve as an expert in the field of taxation. That does not make him an expert in the clarity or ambiguity of written questions, or in the field of syntax within the English language. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999) (finding that the court must "make certain that an expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert *in the relevant field*." (emphasis added).

Lastly, it is unclear what "reliable principles and methods," pursuant to FRE 702, Mr. Collins will use to opine that TurboTax questions are more confusing than other software programs. Absent those reliable principles and methods, his testimony can be rejected. See United States v. Palomino, No. 11 CR 718, 2014 WL 2581347, at *5 (N.D. Ill. June 9, 2014) ("The problem with the 'expert' testimony [defendant] seeks to present to the jury is that it is not 'expert' at all . . . This is not helpful to a jury and, in fact, can be quite dangerous because it has all the trappings of expert opinion testimony without the ability for others to test that opinion.").

Whether the TurboTax questions pertaining to foreign bank accounts are confusing is something the jury can easily comprehend and decide after relevant portions of the TurboTax software are entered into evidence. See United States v. Lundy, 809 F.2d 392, 395 (7th Cir.1987) ("[E]xpert testimony may be excluded if it addresses matters that people of common understanding

can easily comprehend."). For all of these reasons, the United States respectfully requests that the Court preclude testimony from Mr. Collins on topics 2 and 3.

        Respectfully submitted,

        STEVEN D. WEINHOEFT
        United States Attorney

        /s/ *Peter T. Reed*
        Peter. T. Reed
        Scott A. Verseman
        Assistant United States Attorneys
        Nine Executive Drive
        Fairview Heights, IL 62208
        Peter.Reed@usdoj.gov
        Scott.Verseman@usdoj.gov
        (618) 628-3700
        Fax: (618) 628-3720

        S. Derek Shugert
        Trial Attorney
        U.S. Department of Justice
        950 Pennsylvania Avenue, NW
        Washington, DC 20530
        (202) 305-1629
        shawn.shugert@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21-cr-40039-SMY |
| | ) |
| MINGQING XIAO, | ) |
| | ) |
| Defendant. | ) |

**Certificate of Service**

I hereby certify that on May 1, 2022, I caused the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to all attorneys of record.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

s/ *Peter T. Reed*

PETER T. REED
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL  62208
Peter.Reed@usdoj.gov
(618) 628-3700
Fax: (618) 628-3720