IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA. | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cr-40039-SMY |
| | ) |
| MINGQING XIAO, | ) |
| | ) |
|         Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Defendant MingQing Xiao's Motion for Judgment of Acquittal or, in the Alternative, for a New Trial (Doc. 184), which the Government opposes (Doc. 189). For the following reasons, the Motion is **DENIED**.

Xiao was charged in a Superseding Indictment with two counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts 1 and 2); one count of making a false statement in violation of 18 U.S.C. § 1001(a)(1) (Count 3); three counts of filing a false tax return in violation of 26 U.S.C. § 7206(1) (counts 4-6); and one count of failure to file a Report of Foreign Bank and Financial Accounts ("FBAR") in violation of 31 U.S.C. §§ 5313, 5322 (Count 7) (Doc. 57). He entered a not guilty plea and proceeded to a seven-day trial, commencing on April 25, 2022.

At the conclusion of the Government's case-in-chief, the Court granted in part Xiao's motion for judgment of acquittal and dismissed the two wire fraud counts (Counts 1 and 2). At the close of all the evidence, the jury acquitted Xiao of making a false statement (Count 3) but found him guilty of filing false tax returns and failing to file a FBAR (Counts 4-7).

**Motion for Judgment of Acquittal**

Federal Rule of Criminal Procedure 29 allows a defendant to challenge whether the evidence is "insufficient to sustain a conviction." Fed. R. Crim. P. 29(a); *United States v. Kohli*, 847 F.3d 483, 489 (7th Cir. 2017). "When challenging a conviction based on sufficiency of the evidence, a defendant bears a heavy burden that is nearly insurmountable." *United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)). The Court will only overturn the jury's verdict if "after viewing the evidence in the light most favorable to the Government, the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *United States v. Wrobel*, 841 F.3d 450, 454 (7th Cir. 2016) (quoting *United States v. Campbell*, 770 F.3d 556, 571–72 (7th Cir. 2014)).

Counts 4-6 charged Xiao with filing a false tax return under 26 U.S.C. § 7206(1) for tax years 2017-2019. Xiao asserts that the Court should acquit him of counts 4, 5 and 6 charging him with filing a false tax return for tax years 2017-2019 because no rational factfinder could have found all the elements of each count beyond a reasonable doubt. More specifically, he argues that the Government failed to prove that he actually prepared, signed, or filed the income tax returns in question and failed to prove that he willfully failed to report the foreign Ping An bank account on his tax returns.

To establish Xiao's guilt under 26 U.S.C. § 7206, the Government was required to prove the following elements beyond a reasonable doubt: (1) Xiao prepared an income tax return or caused someone to prepare an income tax return; (2) the income tax return was false or incomplete as to a material matter as charged; (3) Xiao signed the income tax return, which contained a written declaration that it was made under penalties of perjury; (4) Xiao acted willfully, that is, he knew that he had a legal duty to file a truthful and complete tax return, but when he signed the return, he

did not believe that it was truthful or complete as to a material matter; and (5) Xiao filed or caused someone to file the income tax return with the Internal Revenue Service. *See* Seventh Circuit Pattern Criminal Jury Instructions, 26 U.S.C. § 7206(1) (2020); *United States v. Hills*, 618 F.3d 619, 634 (7th Cir. 2010).

The evidence at trial was sufficient to show that Xiao prepared, signed, and filed his tax returns in 2017, 2018, and 2019 utilizing TurboTax software. The TurboTax receipts show that the returns were submitted to the IRS. Xiao's email address was provided on the tax returns. Each tax return listed Xiao as the primary taxpayer and his spouse in the "spouse" field. The returns were signed using an electronic personal identification number ("PIN"). IRS Agent Michael Welch testified that the PIN Xiao used to sign his returns is an electronic signature corresponded to Xiao's name, social security number, birth date, home and email addresses, and occupation, and that the same PIN number was used every year to sign Xiao's returns.

Given the evidence presented, Xiao's argument that the absence of a wet signature on the returns somehow requires a rational jury to conclude that he did not prepare or sign the returns is without merit. "It is the responsibility of the jury – not the court – to decide what conclusions should be drawn from evidence admitted at trial." *United States v. Gonzalez*, 737 F.3d 1163, 1168 (7th Cir. 2013). Here, viewing the evidence in the light most favorable to the Government, the jury had sufficient evidence to conclude that Xiao prepared, signed, and filed his own returns.

Xiao also argues that the Government failed to prove beyond a reasonable doubt that he willfully failed to report the Ping An bank account on his tax returns. IRS Form 1040 asks: "At any time during [the calendar year], did you have a financial interest in or signature authority over a financial account (such as a bank account, securities account, or brokerage account) located in a

foreign country?" Despite having a foreign bank account, Xiao answered "no" to this question on his tax returns in 2017, 2018, and 2019.

At trial, evidence was presented showing that Xiao deposited earnings from Shenzhen University and Guangdong University of Technology into his account at Ping An Bank in China – an account he opened in his own name in 2016. The evidence further showed that Xiao regularly used the account to collect payments from sources in China and used money from the account while he was in China. Xiao was the only account holder, he carried the account's bank card with him, and he had the Ping An Bank application on his personal cellphone which he used to keep track of the account.

The jury heard testimony from Lisa Skelly, who works for TurboTax and was familiar with the software used by Xiao. Skelly testified that Xiao would have seen at least one screen in TurboTax expressly asking him if he had foreign bank accounts and she reviewed those screens with the jury. Xiao had to respond to one of those screens before he could submit his return, and when he did, he said that he had no foreign bank accounts – a statement that was false.

A defendant acts willfully if "he knew that he had a legal duty to file a truthful tax return" but "when he signed the return, he did not believe that it was truthful as to a material matter." Doc. 167 at 26; Pattern Criminal Jury Instructions of the Seventh Circuit (2020 ed.) at 944-945. Based on the certifications stating that Xiao had reviewed each return, a rational juror could conclude that Xiao reviewed each return, including his false statements about his foreign bank accounts, and willfully and knowingly filed tax returns containing false statements. While Xiao offered various explanations for why he did not disclose the bank account on his taxes, the jury was free to reject them. The record contains sufficient evidence to support the jury's guilty verdicts on Counts 4-6.

Under Count 7, the jury convicted Xiao of willfully failing to file a timely report of a foreign bank account with the U.S. Treasury for calendar year 2019. As to this count, the Government was required to prove the following elements beyond a reasonable doubt: (1) Xiao was a United States person during the calendar year 2019; (2) he had a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country during the calendar year 2019; (3) The aggregate value of the Xiao's foreign bank, securities, or other financial accounts exceeded $10,000 at any time during the calendar year 2019; and (4) Xiao willfully failed to file an FBAR on or before the due date following the calendar year 2019. *See* Doc. 167 at 29.

Evidence was presented that Xiao admitted to law enforcement agents that he knew he was required to report a foreign bank account with a balance over $10,000 and that he knew about the reporting requirement at the time he filed his 2019 taxes. Moreover, IRS Form 1040 expressly notifies taxpayers of the FBAR reporting requirement and Xiao had certified that he had reviewed his Form 1040s in 2017, 2018, and 2019. This evidence was sufficient to support the conclusion that Xiao knew he had a legal duty to file an FBAR but knowingly chose not to comply.

Finally, Xiao asserts that acquittal is warranted because the regulation underlying Count 7 exceeds the authority granted by Congress and improperly stretches the IRS's delegated authority. He further contends that only a "transaction" can trigger the FBAR reporting requirement and the Government failed to provide sufficient evidence for a reasonable jury to find that he engaged in a reportable "transaction". The Government argues that Xiao has forfeited this argument, and that it is legally mistaken and factually inaccurate. The Court agrees.

Xiao's statutory challenge is essentially a Rule 12 "failure to state an offense" claim which should have been raised prior to trial. As such, he has forfeited this argument.[1] Further, Xiao's position that a "transaction" is required to trigger an FBAR reporting requirement is contrary to the plain language of the statute and regulation. In any event, the evidence established that Xiao engaged in numerous transactions when he opened his foreign bank account. Accordingly, the motion for acquittal is denied as to Count 7.

## Motion for New Trial

Rule 33 permits a court to "vacate any judgment and grant a new trial if the interest of justice so requires." Motions for a new trial should be granted only in exceptional circumstances. *United States v. Morales*, 902 F.2d 604, 605–06 (7th Cir. 1990) ("A jury verdict in a criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted lightly."); *United States v. Hagler*, 700 F.3d 1091, 1101 (7th Cir. 2012).

Xiao argues that a new trial is warranted because the Court failed to issue a limiting instruction that would have instructed the jury to disregard certain evidence related to the dismissed wire fraud counts. Specifically, he asserts that the Court's failure to issue a limiting instruction was error "considering the jury's guilty verdicts on Counts 4 through 7 despite zero evidence suggestive of Xiao's dishonesty." However, as previously noted, there was ample evidence establishing Xiao's knowledge that the tax returns he prepared, signed, and filed were false. And a limiting instruction was not warranted because the evidence related to the wire fraud counts (Counts 1 and 2) was also relevant to the false statement count (Count 3). Thus, the failure to provide a limiting instruction was neither erroneous nor prejudicial to Xiao and cannot be grounds to grant him a new trial.

---

[1] Forfeiture is the failure to timely assert a right. *United States v. Olano*, 507 U.S. 725, 733 (1993).

## Conclusion

Viewed in the light most favorable to the Government, the evidence adduced at trial provided a reasonable basis for the jury's verdict. Accordingly, Defendant's Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial (Doc. 184) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

DATED:  September 15, 2022

**STACI M. YANDLE**
**United States District Judge**